**TCI CABLEVISION OF MONTANA, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 01–1409.

United States Court of Appeals, District of Columbia Circuit.

Dec. 12, 2002.

Before RANDOLPH and GARLAND, Circuit Judges, and STEPHEN F. WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This cause was considered on the record from the National Labor Relations Board and on the briefs filed by the parties and oral arguments of counsel. It is

ORDERED AND ADJUDGED that the petition for review is denied, and the order of the National Labor Relations Board is enforced.

Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), is violated if it is shown that (1) the discharged employee engaged in protected activity, (2) the employer knew this, (3) the basis of the discharge was an alleged act of misconduct, and (4) the employee was not, in fact, guilty of that misconduct. *NLRB v. Burnup & Sims, Inc.,* 379 U.S. 21, 23, 85 S.Ct. 171, 13 L.Ed.2d 1 (1964). The Board has held that the employer has the burden of showing an "honest belief that the employee has engaged in serious misconduct." *Pepsi–Cola Co.,* 330 N.L.R.B. No. 69, 2000 WL 25214, at *2 (2000). If the employer establishes its honest belief, the burden shifts to the General Counsel to show that misconduct did not occur. *Id.*

The ALJ's finding that Murphy did not commit misconduct during his telephone conversation with Hudson, a finding the Board adopted, rested on the credibility of the witnesses. The ALJ stated that he "credit[ed] Murphy's vastly more comprehensive and coherent account of the ... telephone conversation." *TCI Cablevision of Mont., Inc.,* 335 N.L.R.B. No. 2, 2001 WL 986869, at *12 (2001). "[W]e do not reverse the Board's adoption of an ALJ's credibility determinations unless, unlike here, those determinations are 'hopelessly incredible,' 'self-contradictory,' or 'patently unsupportable.'" *Cadbury Beverages, Inc. v. NLRB,* 160 F.3d 24, 28 (D.C.Cir. 1998). Substantial evidence in the record

supports the conclusions that Murphy's "marked man" remark merely warned Hudson that he would be stigmatized in the eyes of the other employees (which is not misconduct), and that he did not threaten physical violence.

Because the finding that there was no misconduct is supported by substantial evidence, we do not reach the question whether the employer had an honest belief that misconduct occurred.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.